UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Cr. No. 19-mj-105 (DAR) |
| | : | |
| **BRANDON LEE,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**OPPOSITION TO GOVERNMENT'S APPEAL OF RELEASE ORDER AND REQUEST FOR PRETRIAL DETENTION**

Mr. Brandon Lee, through undersigned counsel, respectfully submits this opposition to the government's appeal of Magistrate Judge Robinson's order releasing him into the High Intensity Supervision Program ("HISP") and respectfully requests that this Court allow him to remain on pretrial release so that he can continue to work at his full-time job pending the outcome of this case. For the reasons discussed below, the government has not, and cannot, show by even a preponderance of the evidence, let alone by the *clear and convincing evidence* necessary, that Mr. Lee is a flight risk or danger to the community such that no conditions or combination of conditions can reasonably assure his appearance in court and the safety of the community. By contrast, HISP conditions are arguably overly restrictive—the Pretrial Services Report recommends he be released on personal recognizance to general supervision, and there is no basis from which to conclude that Mr. Lee will fail to appear or present a danger to the community while this case is pending.

**BACKGROUND**

This case arises from a traffic stop conducted by Gun Recovery Unit ("GRU") officers

1

Merissa McCaw, Matthew Hiller, and John Wright, on Easter Sunday, April 21, 2019.  Officers allegedly recovered a firearm from a closed console of Mr. Lee's car after a K-9 search alerted to the presence of a weapon.  Officers Hiller and Wright have both been found by courts of law to have testified incredibly under oath.  Officer McCaw was also present on the scene with these officers in at least one of these cases.  Thus, at this time, and particularly given that no discovery has yet been produced, Mr. Lee disputes all facts as alleged by these officers.

Mr. Lee is employed full-time doing maintenance work for D.C. Public Schools ("DCPS") and he is currently placed at Seaton Elementary School.  He trained for and obtained a Commercial Driver's License ("CDL") on his weekends off and has recently been taking leave from DCPS to train with and transition to a position as a Class A Driver for R.D. Bean, Inc., because it pays more money than his job at DCPS.  Mr. Lee has a history of steady, lawful employment; strong family and community support; and only one (youthful) felony conviction from over 10 years ago.  This conviction arose from teenaged conduct, when Mr. Lee was 19 years old.[1]  He successfully completed 5 years of supervised release on that offense without any revocation.  In the past 10 years, Mr. Lee has incurred only two misdemeanor convictions, both of which were minor enough to justify no incarceration.  In D.C. Superior Court case 2016-CMD-017388, the judge terminated Mr. Lee early from supervised probation upon the request of his supervision officer, based on his complete compliance.  The officer reported that he was gainfully employed, maintained a stable residence, completed anger management program, and completed 32 hours of community service.  Thus, the court found it unnecessary for him to

---

[1]  Defense counsel previously represented that Mr. Lee was 18 years old at the time of this offense.  Counsel was mistaken.  Mr. Lee was 19 years old.  Nevertheless, he was a teenager and was sentenced under the D.C. Youth Rehabilitation Act.

remain on court-ordered supervision.   In the other misdemeanor case, Mr. Lee was not even placed on any form of probation; rather, he was effectively sentenced only to pay restitution.

Mr. Lee's record of complete compliance with court-ordered supervision, alone, conclusively establishes that release conditions exist which will reasonably assure his appearance in this Court as required and the safety of any other person and the community.   18 U.S.C. § 3142(e), (f).

## ARGUMENT

The Bail Reform Act requires the Court to order the release of a defendant prior to trial unless it determines that no conditions or combination of conditions exist which will "reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."   18 U.S.C. § 3142(c); *see also United States v. Salerno*, 481 U.S. 751, 755 (1987) ("In our society liberty is the norm and detention prior to trial or without trial is a carefully limited exception.").   The Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence," and, in passing the Act, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses.   18 U.S.C. § 3142(j).

To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "*there is a small but identifiable group of particularly dangerous [persons]* as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons.   It is with respect to this *limited group* . . . that the courts must be given the power to deny release pending trial."   S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* U.S. Code Cong. & Ad. News 3189

(emphasis supplied). It is thus apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention to only a small percentage of the individuals awaiting trial. Mr. Lee is not within that limited group.

The government does not appear to contend that Mr. Lee may fail to appear as ordered but contends that Mr. Lee poses a danger to the community. "In light of the importance of the interests of the defendant that are implicated in a pretrial detention hearing, the 'danger to the community' determination must be supported by clear and convincing evidence." *United States v. Alatishe*, 768 F.2d 364, 370 (D.C. Cir. 1985). To determine whether the government has met its burden, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the person, including his character, family and community ties, employment, financial resources, length of residence in the community, record concerning appearance at court proceedings, and whether, at the time of the offense charged, he was on court supervision; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Here, at the detention hearing, the government relied exclusively on the allegations in this case and the allegations in police reports relating to Mr. Lee's prior convictions. Allegations in this case and prior cases may support a determination that there is probable cause to arrest or prosecute a defendant, but the probable cause standard is low. It is lower than a preponderance of the evidence standard, and this Court should not rely on bare allegations in previously disposed cases in making a pretrial release determination in this case. With respect to Mr. Lee's

prior convictions, the Court should rely only on facts the parties agreed to in plea agreements or facts that were found by triers of fact—none of which facts have been presented by the government with respect to any of Mr. Lee's prior convictions.

Significantly, "[n]either the act of possessing a weapon nor the fact of being a felon is in itself a crime of violence." *United States v. Gloster*, 969 F. Supp. 92, 98 (D.D.C. 1997). Moreover, the alleged facts and circumstances in this case do not show that Mr. Lee is violent or dangerous—he was not carrying a firearm on his person or brandishing a firearm or threatening to use a firearm in any way. Instead, a firearm was found by officers in a closed console of his vehicle. In light of the fact that "not all felons are potentially more violent than non-felons," the facts and circumstances as proffered by the government show that Mr. Lee does not pose a danger to the community. *United States v. Singleton*, 182 F.3d 7, 15 (D.C. Cir. 1999). In addition, "[e]ven overwhelming evidence of guilt" cannot, "alone," meet the government's burden to show by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community. *United States v. Taylor*, No. 17-cr-129 (RDM), 2018 WL 272748, at *6 (D.D.C. Jan. 2, 2018).

**CONCLUSION**

For the foregoing reasons, all of the reasons presented before Magistrate Judge Robinson at the detention hearing, additional reasons that will be presented at the hearing this afternoon, and any other reasons the Court deems just and proper, Mr. Lee requests that he be permitted to continue on personal recognizance release with or without HISP conditions so that he may continue to work full-time pending the outcome of this case.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Celia Goetzl
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.   20004
(202) 208-7500